1

2

3

4                            UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
5                                    AT TACOMA

6   KAE A. SAELEE,,

7                           Petitioner,          Case No. 2:25-cv-02677-TLF
         v.
8                                                ORDER DIRECTING
    PAMELA BONDI, ET AL,                         SUPPLEMENTAL BRIEFING
9
                            Respondent.
10

11         Petitioner Kae A. Saelee is currently detained by U.S. Immigration and

12  Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in

13  Tacoma, Washington. Dkt. 1. He was arrested and detained November 1, 2025 from his

14  home. *Id*. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241

15  seeking release from custody. *Id*. Petitioner also seeks an order prohibiting respondents

16  from again detaining him unless they possess executable travel documents and provide

17  him with notice and a meaningful hearing prior to any future detention. *Id*.

18         Petitioner contends that his continued detention is unlawful for three reasons: (1)

19  he asserts that ICE violated its own regulations by revoking his order of supervision

20  without adequate notice of the reasons for revocation and in the absence of

21  circumstances permitting revocation under those regulations; (2) his detention violates 8

22  U.S.C. § 1231(a) because the statutory removal period has expired and there is no

23  significant likelihood of removal in the reasonably foreseeable future, as required by

24

25

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 1

1 | *Zadvydas v. Davis,* 533 U.S. 678, 699 (2001); and (3) his detention violates his Fifth

2 | Amendment Due Process rights because the respondents violated their own regulations

3 | in revoking the order of supervision and the continued detention is not reasonably

4 | related to a legitimate government purpose. *Id*.

5 | The government filed a return memorandum on January 6, 2026. The

6 | government argues that petitioner is properly detained under 8 U.S.C. § 1231(a)(6)

7 | which provides:

8 | An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of

9 | this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be

10 | detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

11 |

12 | The government does not argue or point to evidence that petitioner's continued

13 | detention under 1231(a)(6) is based on a determination by the Attorney General that he

14 | is "a risk to the community or unlikely to comply with the order of removal." The only

15 | evidence in the record regarding criminal history is a 1994 Order to Show Cause stating

16 | that petitioner was convicted of two crimes involving moral turpitude not arising out of a

17 | single scheme of criminal misconduct. Dkt. 8, Vogel Declaration, Ex. C.

18 | The government further argues that petitioner is likely to be removed in the

19 | reasonably foreseeable future. Dkt. 6 at 5. It asserts that ICE is currently removing

20 | individuals to Laos and that the ERO field office has taken concrete steps toward

21 | petitioner's removal by submitting a travel document request to ERO headquarters on

22 | December 7, 2025. *Id*. at 6.

23 |

24 |

25 |

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 2

1       Upon review of the record the Court has determined it requires additional

2   information to properly address the petition.

3       The Due Process Clause of the Fifth Amendment prohibits the federal

4   government from depriving any person of "life, liberty, or property, without due process

5   of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within

6   the United States, including [non-citizens], whether their presence here is lawful,

7   unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

8       "Procedural due process imposes constraints on governmental decisions which

9   deprive individuals of 'liberty' or 'property' interests within the meaning of the Due

10  Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridg*e, 424 U.S.

11  319, 332 (1976). "The fundamental requirement of due process is the opportunity to be

12  heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong*

13  *v. Manzo*, 380 U.S. 545, 552 (1965)).

14      Determining whether a particular administrative procedure provides the process

15  constitutionally due "generally requires consideration of three distinct factors: First, the

16  private interest that will be affected by the official action; second, the risk of an

17  erroneous deprivation of such interest through the procedures used, and the probable

18  value, if any, of additional or substitute procedural safeguards; and finally, the

19  Government's interest, including the function involved and the fiscal and administrative

20  burdens that the additional or substitute procedural requirement would entail." *Id*. at

21  335; *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320–21 (W.D. Wash. 2025).

22      The Ninth Circuit in *Rodriguez Diaz v. Garland* assumed without deciding that the

23  *Mathews* three-part test applies in "the immigration detention context." 53 F.4th 1189,

24

25

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 3

1   1206-07 (9th Cir. 2022). And district courts have applied the *Mathews* test in similar

2   circumstances. *See E.A. T.-B.*, 795 F. Supp. 3d at 1320–21, n. 4; *Ramirez Tesara v.*

3   *Wamsley*, No. 2:25-CV-01723-MJP-TLF, 2025 WL 2637663, at *2-5 (W.D. Wash. Sept.

4   12, 2025); *Kumar v. Wamsley*, No. 2:25-CV-01772-JHC-BAT, 2025 WL 2677089, at *2-

5   4 (W.D. Wash. Sept. 17, 2025).

6          Although petitioner makes a Fifth Amendment due process claim that he should

7   be released immediately from detention and not be re-detained without a pre-

8   deprivation hearing, and respondents cite *Tran v. Bondi,* No. 25-2335-DGE, 2025 WL

9   3725677 (W.D. Wash. Dec. 24, 2025), neither petitioner (Dkt. 1), nor respondents (Dkt.

10  6), address the *Mathews* factors, or discuss whether the relevant sections of 8 C.F.R.

11  241 (cited by respondents as being applicable) provided sufficient process under

12  *Mathews* and related cases, whether a pre- or post- deprivation hearing is required, and

13  – if a pre- or post- arrest hearing is required under the Fifth Amendment due process

14  protections — what the due process protections under such circumstances would

15  require as the timing, procedures, and burden(s) of proof for the hearing.

16         Accordingly, the Court hereby ORDERS:

17  (1) On or before **January 15, 2026**, the petitioner is directed to file a supplemental

18      brief analyzing his Fifth Amendment due process claim concerning arrest and

19      detention and Section 2241 habeas corpus remedies under the *Mathews*

20      framework;

21  (2) The government may file a response to the petitioners' brief on or before

22      **January 22, 2026;** and

23  (3) Petitioner may file a reply on **January 26, 2026.**

24

25

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 4

(4) If there are additional documents, or other evidence, that would support each party's allegations of facts that pertain to habeas corpus relief regarding the arrest and detention of petitioner, a party may move to expand the record. If either or both parties believe further expansion of the record, or discovery, is necessary for the Court to fully review the issues, they should also indicate this in their supplemental briefs. See Rules 1(b), 2(c)(2), 5(c), 6 (a), (b), and 7, Rules Governing Section 2254 Cases in the United States District Courts.

Dated this 9th day of January, 2026.

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 5